347 F.2d 791
 121 U.S.App.D.C. 7
 Ira F. GADD, Petitioner,
v.
WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent,
D.C. Transit System, Inc., Alexandria, Barcroft and
Washington Transit Company, The Gray Line, Inc., Diamond
Tours, Inc., Washington, Virginia & Maryland Coach Company,
Inc., Intervenors.
 No. 19077.
 United States Court of Appeals District of Columbia Circuit.
 Argued Feb. 19, 1965.
Decided June 3, 1965.
 
 Mr. Eugene T. Liipfert, Washington, D.C., with whom Mr. Berl I. Bernhard, Washington, D.C., was on the brief, for petitioner.
 Mr. Russell W. Cunningham, Arlington, Va., for respondent.
 Mr. S. Harrison Kahn, Washington, D.C., for intervenors, Alexandria, Barcroft and Washington Transit Co., The Gray Line, Inc., and Diamond Tours, Inc., argued for all intervenors.
 Messrs. John R. Sims, Jr., and Gordon Allison Phillips, Washington, D.C., were on the brief for intervenor, D.C. Transit System, Inc.
 Mr. Manuel J. Davis, Washington, D.C., was on the brief for intervenor Washington, Virginia & Maryland Coach Co., Inc.
 Before WASHINGTON, WRIGHT and MCGOWAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Under review is an order of the Washington Metropolitan Area Transit Commission denying two separate applications of petitioner for authority to carry on sight-seeing bus operations between the District of Columbia and certain points in Northern Virginia. The first such application seeks recognition of alleged 'grandfather' rights; and the other claims entitlement to a certificate on the basis of the public convenience and necessity.[1] The Examiner who heard the evidence recommended denial of the first application, and the grant of certain limited authority in respect of the second.[2] The Commission denied both, Commissioner Duke dissenting on the public convenience and necessity issue. We see no reason to disturb the disposition made of the 'grandfather' claim.[3] We are, however, of the view that the Commission's findings as to public convenience and necessity, as contrasted with the Examiner's, lack substantial support in the evidence of record, taken as a whole. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
 
 
 2
 We are not, of course, lightly to second-guess the Commission in a matter of this kind, but we think the facts brought out at the hearing point inescapably to the distinctive character of petitioner's service and the substantial need for it. In the first eight months of 1963, petitioner had 1,473 patrons, ranging from 33 in February to 404 in July. The record indicates that this utilization is not, to any significant extent, on a group or charter basis, but reflects, rather, individual ticket sales. The users appear largely to be persons staying at motels in Alexandria and Arlington County. Petitioner's 17-passenger limousines pick them up at the motels and return them there after visiting points of interest in the District of Columbia and Northern Virginia. This service is obviously most convenient for certain kinds of visitors to the capital area, i.e., those who prefer to stay at outlying motels in Northern Virginia; and it contrasts sharply with the services offered by the protestants, who generally are either (a) the certificated public carriers in the area who use their larger vehicles in charter operations for special groups or (b) the larger sight-seeing companies who also employ larger buses and who do not pick-up and deliver at as many individual points. It also appeared that the year-round character of the service offered by petitioner differentiated him in most cases from the protestants.
 
 
 3
 The case is remanded to the Commission for further proceedings by it not inconsistent herewith.
 
 
 4
 It is so ordered.
 
 
 
 [1]
 Section 4 of Article XII of the Washington Metropolitan Area Transit Regulation Compact, 74 Stat. 1031 (1960), contemplates two sources of authority for operations required to be certificated under that statute. One is a 'grandfather' right to a certificate in respect of transportation in which the applicant was bona fide engaged on the effective date of the law (March 22, 1961). In the case of such an application, the only issues are the fact and bona fides of such asserted engagement, and nothing need be shown with respect to the public convenience and necessity. Contrarily, an applicant who does not rely upon 'grandfather' rights must show that the service for which he seeks a certificate 'is or will be required by the public convenience and necessity.'
 
 
 [2]
 The Examiner thought that no sufficient showing had been made by petitioner in respect of charter authority or Maryland service. This reading of the record was presumably accepted by the Commission in its broader denial, and we believe it to be justified
 
 
 [3]
 On the effective date of the Act, March 22, 1961, the record indicates that petitioner was operating only vehicles carrying eight passengers or less. His 'grandfather' claim in respect of authority for bus operations rests upon a showing that on March 8, 1961-- just two weeks before the effective date-- he purchased a Chevrolet station wagon and placed it in a shop for conversion to a carrying capacity of 11 persons. Petitioner asserts that, through no fault of his own, the conversion work was not completed in time to get this vehicle in operation by the deadline date. The record shows that the vehicle did not actually go into service until some time in May
 In ruling upon objections to the admissibility of evidence of petitioner's prior operations in support of his second application, the Examiner concluded that such operations had been initiated in good faith. The Commission also regarded this evidence as admissible.